2011 OK CIV APP 81

**In the Matter of A.T., E.T., and E.T.**

**Brenna Totty, Appellant,**

v.

**State of Oklahoma, Appellee.**

**No. 108,991.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

May 20, 2011.

Jeffery Dean McGrew, Tulsa, Oklahoma, for Appellant.

Leigh Ann Smothers, Assistant District Attorney, Tulsa, Oklahoma, for Appellee.

C. Kevin Morrison, Assistant Public Defender, Tulsa, Oklahoma, for the Children.

ROBERT D. BELL, Chief Judge.

¶1 Appellant, Brenna Totty (Mother), seeks review of the trial court's order refusing to vacate its consent order terminating Mother's parental rights to her three children. The issue on appeal is whether the court abused its discretion in refusing to vacate the order. Based on our review of the record, the parties' briefs, and the applicable law, we find that it did, and reverse the consent order terminating Mother's parental

rights and remand this matter for a new trial.

¶ 2 Mother's three minor children, A.T., E.T. and E.T., were taken into protective custody by the Department of Human Services in September 2007. Mother stipulated to the deprived children petition filed October 2, 2007. Mother received her treatment plan which was designed to correct the conditions that lead to the deprived children adjudication. In September 2009, Appellee, State of Oklahoma (State), filed a motion to terminate Mother's parental rights to her three children. Mother did not appear for trial and her rights were terminated. Upon Mother's motion to vacate, the termination was vacated.

¶ 3 On July 14, 2010, State filed a new motion to terminate Mother's parental rights. Mother was personally served in open court with the motion to terminate her parental rights. The matter was set for jury trial on September 27, 2010. On September 27, 2010, the trial court entered a consent order sustaining State's motion to terminate Mother's parental rights when Mother failed to appear at the pre-trial. The docket notes the consent termination was imposed over the Children's attorney's objection. Mother's attorney was present at the pretrial hearing to present his motion to withdraw as her attorney on the basis that Mother failed to stay in contact with him. The court granted the withdrawal request. There is no transcript of the termination proceeding. Furthermore, the record fails to establish State presented any evidence in support of the termination.

¶ 4 Mother filed a motion to vacate default judgment October 14, 2010, less than thirty days from the date of the judgment. At the hearing on the motion to vacate, Mother testified she was not in court on September 27, 2010, because she underwent a hysterectomy in July 2010, and suffered a subsequent painful pelvic prolapse which prevented her from leaving her house and appearing in court. Mother also averred she was re-admitted to the hospital three days after the hearing for her medical condition and surgery.

¶ 5 The children's attorney supported the motion to vacate. He reiterated that he opposed the entry of the default termination order and that the children desired to be reunited with their mother. State protested the motion to vacate default judgment arguing Mother failed to sustain her burden of proof with medical documentation and expert witness testimony. The trial court denied Mother's motion to vacate. Mother appeals from that order.

■ ¶ 6 We review a trial court's denial of a motion to vacate a judgment for abuse of discretion. *In re J.C.*, 2010 OK CIV APP 138, ¶ 7, 244 P.3d 793, 795, *citing Patel v. OMH Medical Center, Inc.*, 1999 OK 33, ¶ 20, 987 P.2d 1185, 1194. "Abuse occurs if the trial court exercises its discretion to an end or purpose not justified by, and clearly against, reason and evidence, or if it errs with respect to a pure, unmixed question of law." *In re J.C.* at ¶ 7, 244 P.3d at 795 (citations omitted).

■ ¶ 7 Title 10A O.S. Supp.2009 § 1–4–905 details the method for serving the petition for termination of parental rights, and the notice of the time, place and date of the hearing upon the parent. Subsection 1–4–905(A)(5) treats a parent's failure to appear as a consent to the termination, as follows:

The failure of a parent who has been served with notice under this section to personally appear at the hearing shall constitute consent to the termination of parental rights by the parent given notice. When a parent who appears voluntarily or pursuant to notice is directed by the court to personally appear for a subsequent hearing on a specified date, time and location, the failure of that parent to personally appear, or to instruct his or her attorney to proceed in absentia at the trial, shall constitute consent by that parent to termination of his or her parental rights.

¶ 8 Section 1–4–905(B) sets forth the process and burden of proof required to vacate an order terminating parental rights based on statutory consent as follows:

1. The court shall have the power to vacate an order terminating parental rights if the parent whose parental rights were ter-

minated pursuant to subsection A of this section files a motion to vacate the order within thirty (30) days after the order is filed with the court clerk.

2. Notice of the motion shall be given to all the parties and their attorneys and the court shall set the matter for hearing expeditiously.

3. The burden of proof is on the defaulting parent to show that he or she had no actual notice of the hearing, or due to unavoidable casualty or misfortune the parent was prevented from either contacting his or her attorney, if any, or from attending the hearing or trial.

4. If the motion to vacate the order terminating parental rights due to a failure to appear is found to have merit, the statutory consent shall be set aside and a new trial conducted.

¶ 9 The question here is whether Mother met her burden of showing she was prevented by an unavoidable casualty or misfortune from either contacting her attorney or from attending the hearing. On appeal, State argues Mother failed to sustain her burden because her confusing and inconsistent testimony lacked credibility and she failed to provide any medical documentation or expert witness testimony to verify her medical condition.

¶ 10 After reviewing the record, we find Mother met her burden under § 1–4–905(B)(3). Although Mother's testimony might have been somewhat confusing as to specific dates and lacking in medical documentary support, the children's attorney substantiated Mother's testimony about her medical condition. Furthermore, the record contains an affidavit by Phyllis Perdue, DHS Permanency Worker, who averred Mother had surgery the summer of 2010 and did not fully recover. Ms. Perdue further affirmed Mother was readmitted to the hospital for surgery three days after her parental rights were terminated with a serious medical condition that was related to her previous surgery. Typically, we would not consider an affidavit filed after the entry of the trial court's order. However, we will treat this affidavit as an offer of proof. Mother's counsel offered Ms. Perdue's testimony at the hearing on the motion to vacate, but was discouraged by the court from swearing her in because she could not offer medical testimony.

¶ 11 Even if Mother had failed to meet her burden under § 1–4–905(B)(3), we would still reverse the trial court's judgment because State neglected to comply with the due process requirements prescribed by the Oklahoma Legislature in parental rights termination proceedings. Termination of parental rights is only proper where clear and convincing evidence in the record supports the grounds alleged for termination. *In re S.B.C.*, 2002 OK 83, ¶ 6, 64 P.3d 1080, 1082–83. We hold this heightened evidentiary standard is applicable even when parental rights are terminated pursuant to the statutory consent provisions of § 1–4–905.

¶ 12 The docket outlines Mother's long history of failing to correct the conditions that lead to the deprived children adjudication. However, based on the sparse appellate record before us, there is no indication the trial court considered any such evidence in granting State's termination motion. In fact, both the trial court's docket minute entry and State's appellate brief acknowledge Mother's parental rights were terminated by consent based upon her failure to appear and present arguments on the merits-not because clear and convincing evidence supported the termination and the children's best interests would be served by the termination.

¶ 13 On review, we normally attach a presumption of correctness to the trial court's rulings. "[E]very fact not disputed by the record is to be regarded as supportive of the trial court's judgment." *Ouellette v. State Farm Mut. Auto. Ins. Co.* 1994 OK 79, ¶ 15, 918 P.2d 1363, 1368. However, notwithstanding the trial court's factual findings and conclusions of law in its order, we hold State failed to meet its burden of showing, with clear and convincing evidence, the statutory conditions for termination of Mother's parental rights. For these reasons, we conclude the trial court abused its discretion when it refused to vacate the consent order terminating Mother's parental rights. The trial court's order terminating Mother's parental

rights is reversed and this cause is remanded for a new trial.

¶ 14 REVERSED AND REMANDED.

HETHERINGTON, P.J., and HANSEN, J., concur.